UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------×

AKIMA GURLEY,

                *Plaintiff,*

        v.

DAVID H. BERG & ASSOCIATES, A PROFESSIONAL CORPORATION d/b/a BERG & ANDROPHY, and JENNY KIM,

                *Defendants.*

------------------------------------------------------------------------×

20-CV-9998

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff, Akima Gurley, by her attorneys, Young & Ma LLP, complains of Defendants as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff Akima Gurley ("Plaintiff" or "Ms. Gurley") seeks damages and costs against Defendants David H. Berg & Associates, A Professional Corporation d/b/a Berg & Androphy ("B&A" or the "Firm") and Jenny Kim ("Kim")(collectively, "Defendants") for discriminating against her, subjecting her to a hostile work environment, and wrongfully terminating her based on race; perpetuating pervasive race stereotypes; and retaliating against her for exercising her rights, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.*; § 1981 of the Civil Rights Act of 1866 ("Section 1981"), 42 U.S.C. § 1981; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*

**JURISDICTION AND VENUE**

2.    Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims, as Defendants violated Plaintiff's rights under Title VII and Section 1981.

1

3.Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about October 29, 2019.

4.Plaintiff requested a right to sue from the EEOC on or about August 18, 2020. The EEOC issued the right to sue shortly on or about August 31, 2020.

5.Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims as they are so related to the Title VII and Section 1981 claims that they form part of the same case or controversy.

6.Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES

7.Plaintiff, at all times relevant hereto, was and is a resident of Kings County in the State of New York.

8.Upon information and belief, at all times relevant hereto, Defendant David H. Berg & Associates, A Professional Corporation d/b/a Berg & Androphy was and is a foreign business corporation organized under the laws of the State of Texas, doing business in New York City with offices located at 120 W. 45th St., 38th Floor New York, New York 10036.

9.Upon information and belief, Defendant Jenny Kim is an individual residing in New York and works in the New York City office of the Firm.

## STATEMENT OF MATERIAL FACTS

10.B&A is a law firm with offices in New York, Houston, Denver, Miami, and Washington, D.C. The Firm, and specifically its New York office, has no Black attorneys.

11. Defendant Kim (Asian) manages B&A's New York office along with her husband, attorney Michael Fay ("Fay")(White). As head of the New York office, Kim made all the decisions concerning the terms and conditions of employment, had the power to hire and fire, was responsible for all incidences of racially hostile work environment against Plaintiff, and her gross negligence in the supervision of subordinates, combined with her style of race-based jokes, created a hostile work environment for all New York attorneys and staff.

12. Ms. Gurley is an African American of Guyanese heritage who graduated in 2015 from John Jay College of Criminal Justice with a Bachelor of Arts. She worked in administrative positions, including as a legal assistant at another New York law firm, prior to joining B&A's New York office as a legal assistant on November 6, 2017.

13. During Ms. Gurley's employment with B&A, its New York office was comprised of, in addition to Defendant Kim, five other attorneys (White), an office manager (Asian), and another legal assistant (Asian). Ms. Gurley was the only African American employee.

14. Ms. Gurley impressed attorneys at the firm, some of whom will attest to her great work and unfortunate discrimination experience. Certain partners depicted her as lazy and subpar, though all associates and less discriminatory, younger lawyers supported her. Shortly into her employment, Ms. Gurly experienced awful race stereotypes and discrimination. The Firm exhibited a pattern of picking on her appearance, dress, and characteristics due to her being Black.

15. When associates such as Christopher Deubert ("Deubert"), the attorney who worked most closely with Ms. Gurley, felt that she did good work and suggested that she become a notary, her bosses immediately shut her down because the Firm had no interest in helping an African American advance professionally. See Exhibit A, Mr. Deubert's August 3, 2020 signed letter addressed to the EEOC in response to Defendants' position statement, stating that he wrote positive

reviews for Plaintiff, and that Plaintiff had no negative performance reviews before speaking up about race discrimination and disparate treatment; Mr. Deubert also indicates that the Firm's actions through Defendant Kim reflect a non-acceptance of Plaintiff's Blackness.

16. Mr. Deubert, who is not a current employee of B&A, also states that Defendant Kim created a racially charged and hostile work environment by joking as between attorneys based on each lawyer's ethnicities: David Berg (Jewish), Fay (Irish), Defendant Kim (Korean) and James Quinn ("Quinn")(Irish). Exhibit A.

17. As the only Black employee in the office, Ms. Gurley was assigned more manual labor – such as washing dishes and changing paper – than other legal assistants.

18. Ms. Gurley was paid less than similarly situated White/Asian employees doing similar work, both those that worked during her tenure, before her, and after her.

19. In January 2018, Defendant Kim directed the office manager Betty Lam ("Lam")(Asian) to pull Ms. Gurley aside and accuse her of a smell permeating the office. Lam told Ms. Gurley that her lotion was too strong, just because a tube of shea butter hand cream was on her desk. Shea butter is an ingredient used in many African American skincare products and is simply a different choice than some of the White/Asian employees would make. Though the Firm offered to pay for a different lotion, there was no such overbearing monitoring or oversight of choices of personal products by White/Asian staff and attorneys.

20. As evidenced in emails, dress code policies were selectively enforced because of Ms. Gurley. For instance, on January 16, 2018, at the direction of Defendant Kim, Lam admonished Ms. Gurley for wearing sneakers, but admitted that legal assistant Lusia Lee ("Lee")(Asian) also wore sneakers, though it would be addressed separately. Exhibit B. This was never an issue until Ms. Gurley came to the Firm, as they didn't want to see a Black woman wearing sneakers. While

Lam claimed she would address Lee, Ms. Gurley noticed that Lee continued to wear sneakers to work after January 16, 2018.

21.     Another example of the Firm's dress code policy being selectively enforced as to Ms. Gurley is when she was asked to text photos of her outfits and hairstyle because she was African American.  No other employees were subjected to such humiliating and degrading treatment.  See Exhibit C (photos representing Ms. Gurley's general dress and appearance at work).

22.     Defendants actively prevented Ms. Gurley from furthering her career because she is African American.  On or around September 26, 2018, the Firm refused to facilitate her becoming a notary without explanation, even when other attorneys at the firm supported the idea.  See Exhibit D.

23.     Defendants frequently unfairly and unjustifiably singled out Ms. Gurley for being late.  On or around November 15, 2018, she was accused of being late setting up food for a deposition that, according to the Firm's calendar, was scheduled to start at 10:30 am but ended up starting early at 10:00 am.  Before Lam acknowledged that the deposition started early, Ms. Gurly was accused of "poor planning" and lateness.  Exhibit E.

24.     In December 2018, Ms. Gurley was accused of submitting false expenses for train swipes.  Though the Firm claimed that everyone was asked the same question, this only happened to Ms. Gurley as an African American.  The formality and sticking to "strict" policy in this scenario, which is not done for petty cash reimbursements for anyone else, created great distress for Ms. Gurley, the only African American employee.

25.     At or around the same time, Defendant Kim accused Ms. Gurley of not being "polished."  When Ms. Gurley asked for elaboration, Lam told her, "I'm not sure what she means, you dress

far better than Lusia and I, and your hair is nice, well not today but some times!" Ms. Gurley's hair that day was in an afro, a natural and protected hair style for African Americans.

26. Ms. Gurley was disproportionately picked on her about arrival time, even if Lee also came in late. In fact, if Ms. Gurley did the work and Lee arrived late, it would be arranged so that Lee could get credit for Ms. Gurley's work. Many of these "late" times, Ms. Gurley was actually picking up breakfast for her Lam, her boss.

27. On January 22, 2019, Lam even admitted to taking credit for Ms. Gurley's work because she did not want to "emphasize that Luisa was late" to Defendant Kim. Exhibit F. Even though Lee was late far more often than Ms. Gurley, she was never disciplined.

28. Understanding that Ms. Gurley had again reported illegal unequal treatment and been disappointed, Lam made another attempt to excuse Defendants' racist conduct by purchasing Ms. Gurley a gift the next day, on January 23, 2019. However, even then, Lam could not eliminate mentioning Ms. Gurley's race or associated stereotypes, saying, "It was so hard to find the right shade for your skin, but it should be fine! Your skin is not like mine!"

29. On February 5, 2019, Ms. Gurley emailed Lam about the dress code, asking why Defendant Kim repeatedly thought Ms. Gurley was not polished enough. Understanding that this was another complaint regarding illegal race-based behavior, Lam indicated they should talk tomorrow, likely after Lam spoke with Kim. When Lam and Ms. Gurley spoke about the unexplained distaste for Ms. Gurley's hair and wardrobe, Lam brushed off Ms. Gurley's concerns, saying, "Jenny [Kim] is the boss."

30. On February 21, 2019, Ms. Gurley wore her hair naturally and was approaching her work space, only to find Lee, the other legal assistant, sitting at Ms. Gurley's desk to greet guests instead of herself. When Ms. Gurley raised whether this was because Defendant Kim thought her

"unpolished," she was asked not to take it personally. See Exhibit G, where Ms. Gurley reported this matter, as well as her handwritten notes of subsequent conversations concerning the same.

31. Ms. Gurley reported the incident that day to NYC Commission On Human Rights, which had just days earlier released important guidance on anti-discrimination against hair color/texture/style/length in recognition of the fact that African Americans are frequently distinguished and discriminated against on the basis of hair.[1] Exhibit H.

32. On February 25, 2019, B&A attorneys Quinn and Bronwyn James indicated that Ms. Gurley was performing well, while attorney Chris Sprengle said he had no feedback about her work, showing that Ms. Gurley's performance was not at issue. Exhibit I.

33. On March 1, 2019, shortly after raising these concerns about her appearance, dress code, and discrimination, Ms. Gurley was terminated.

34. Defendant Kim brusquely brushed past Ms. Gurley on the day of termination; it was clear that she felt personal and discriminatory animus to Ms. Gurley and wanted to end all cordial behavior that day.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Race Discrimination in Violation of Title VII
### (Against B&A)

35. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

36. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) *et seq.*, for relief based upon the unlawful employment practices of B&A.

---

[1] NYC Commission on Human Rights Legal Enforcement Guidance on Race Discrimination on the Basis of Hair, February 18, 2019.

37. B&A was and is Plaintiff's "employer" within the meaning of Title VII.

38. Plaintiff was and is an African American "employee" of B&A and is a member of protected classes within the meaning of Title VII.

39. At all times, the Firm was aware of Plaintiff's race.

40. By the conduct alleged in this Complaint, B&A discriminated against Plaintiff with respect to the compensation, terms, conditions and privileges of her employment because of her race.

41. Plaintiff was subjected to a pervasive hostile work environment by the Defendant's conduct.

42. The Firm engaged in unlawful employment practices prohibited by Title VII because of Plaintiff's race in the manner described in the Statement of Facts.

43. Plaintiff suffered adverse employment actions and damage by the Defendant due to her race and the hostile work environment that Plaintiff suffered at B&A because of her race.

44. As a direct and proximate result of the Firm's unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income and damage to reputation. Plaintiff has also suffered and/or will suffer future pecuniary losses, attorney's fees and costs, emotional and physical pain and suffering, inconvenience and other non-pecuniary losses.

45. As a further direct and proximate result of the Firm's unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other things, impairment and damage to her good name and reputation, emotional distress, physical injury, mental anguish and lasting embarrassment and humiliation.

46. Plaintiff is entitled to recover, inter alia, monetary damages and other damages and relief, including, but not limited to back pay, front pay, reasonable attorney's fees, emotional distress damages and compensatory damages from B&A under Title VII.

47. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's federally protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## SECOND CAUSE OF ACTION
### Wrongful Termination in Violation of Section 1981
### (Against B&A)

48. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

49. Section 1981 prohibits employers from discriminating against an employee on the basis of race.

50. Defendant unlawfully terminated Plaintiff because of her race.

51. As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial economic damages, including, but not limited to, back pay and front pay, as well as emotional distress and suffering, all in amounts to be determined at trial.

52. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's federally protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## THIRD CAUSE OF ACTION
### Race Discrimination in Violation of NYSHRL
### (Against B&A)

53. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

54. This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.*, and reference is made to the NYSHRL in its entirety.

55. At all relevant times, the Firm was and is Plaintiff's "employer" within the meaning of the NYSHRL.

56. At all relevant times, Plaintiff was and is an "employee" of B&A within the meaning of the NYSHRL.

57. At all times, Defendant was aware of Plaintiff's race.

58. Defendant engaged in unlawful employment practices prohibited by the NYSHRL because of Plaintiff's race in the manner described in the Statement of Facts.

59. Plaintiff was severely limited in her career by Defendant's unlawful conduct due to her race.

60. Defendant's conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of race as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

61. Defendant is also individually and jointly liable for the unlawful conduct herein, including, without limitation, as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL.

62. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of Executive Law Section 296.

63. Plaintiff's damages include, inter alia, financial loss, loss of employment opportunities, damage to her career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment opportunities.

64. Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to, back pay, front pay, compensatory and punitive damages, and costs and attorney's fees from Defendant under the NYSHRL.

**FOURTH CAUSE OF ACTION**
**Race Discrimination and Hostile Work Environment**
**in Violation of NYCHRL**
**(Against All Defendants)**

65. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

66. This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

67. At all relevant times, Defendants were and are an employer and person within the meaning of the NYCHRL.

68. At all relevant times herein, Plaintiff was and is an employee and person within the meaning of the NYCHRL.

69. At all times, Defendants were aware of Plaintiff's race.

70. Defendants engaged in unlawful employment practices prohibited by NYCHRL because of Plaintiff's race in the manner described in the Statement of Facts.

71. Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

72. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

73. Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL.

74. As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continue to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages, lost back pay, lost benefits, lost bonuses, interest on the foregoing, and attorney's fees and costs.

75. As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continue to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional and physical pain and suffering, and lasting embarrassment and humiliation.

76. Plaintiff is entitled to recover monetary damages and other damages and relief, including compensatory and punitive damages, interest, and attorney's fees and costs from Defendants under the NYCHRL.

## JURY DEMAND

77. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff demands a judgment against Defendants as follows:

A. Issue a declaratory judgment declaring that the actions of the Defendants, as set forth in this Complaint, violated: (i) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; (ii) § 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981; (iii) the New York State Human Rights Law, N.Y. Exec. Law. § 290 *et seq.*; (iv) the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*; and (v) that Defendants' foregoing acts of discrimination, harassment, and retaliation against Plaintiff were intentional and willful.

B.  Enjoin and restrain the Defendants and all persons acting on their behalf, or in concert with them, from engaging in such unlawful discriminatory and retaliatory practices;

C.  Enter judgment in favor of the Plaintiff, and against the Defendants, for back pay, front pay, and lost benefits, including, among other things, in the amount of the wages and bonuses it is determined that the Plaintiff lost as a result of the Defendants' unlawful, discriminatory and retaliatory conduct, together with interest (and adjusted to make Plaintiff whole for any increased tax liability incurred by her receipt of a lump sum payment in a single year);

D.  Enter judgment in favor of the Plaintiff, and against the Defendants for compensatory damages, including but not limited to, damages for Plaintiff's mental anguish, humiliation, lack of self-respect, emotional and physical pain, suffering and illness, together with interest;

E.  Award the Plaintiff punitive damages;

F.  Award the Plaintiff liquidated damages;

G.  Award the Plaintiff reasonable attorney's fees, interest, and expenses together with the costs of this action;

H.  Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of the Plaintiff's rights under the laws cited herein, to prevent their recurrence in the future and to protect other employees from such unlawful behavior; and

   I.  Such other and further relief as the court deems appropriate to be determined at trial.

Dated: New York, New York
   March 2, 2022

                    Respectfully submitted,

                 By: _____
                    Tiffany Ma, Esq.
                    Young & Ma LLP
                    845 United Nations Plaza, 37th Floor
                    New York, NY 10017
                    T: 212-220-4024
                    F: 866-839-4306
                    tma@youngandma.com